IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN ARISTA,<br>TDCJ No. 02397313, | §<br>§<br>§ | |
| Petitioner, | §<br>§<br>§<br>§ | |
| V. | §<br>§ | No. 3:24-cv-02034-G-BN |
| DIRECTOR, TDCJ-CID, | §<br>§<br>§ | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 [Dkt. No. 3], Petitioner Stephen Arista, a Texas state prisoner, challenges his 2022 Hunt County conviction and plea bargain agreement for felony assault of a family or household member by impeding breath or circulation. *See State v. Arista*, No. 33954CR, (354th Jud. Dist. Ct., Hunt Cnty., 2022).

The Court has reviewed the petition, the state court record, and the parties' submissions. The relevant procedural history is set out below.

On February 11, 2022, the 354th Judicial District Court of Hunt County, Texas placed Arista on six years of deferred adjudication community supervision after he pleaded guilty pursuant to a plea agreement. Dkt. No. 12-1 at 8. Less than one month later, the State moved to revoke Arista's community supervision based on violations that occurred on February 11, 13, and 14, 2022. Dkt. No. 12-1 at 48.

At a hearing on May 4, 2022, Arista pleaded true to the alleged violations. Dkt.

No. 12-1 at 61. The trial court revoked his community supervision, adjudicated him guilty, and sentenced him to ten years of imprisonment. *See id.; see also* 12-7 at 16-18. Although Arista appealed, the Fifth District Court of Appeals affirmed the conviction on June 20, 2023. Dkt. No. 12-11 (*Arista v. State*, No. 05-22-00540-CR, 2023 WL 4072117 (Tex. App.—Dallas, June 20, 2023, no pet.) (mem. op.)). Arista did not file a petition for discretionary review.

On September 7, 2023, Arista filed a state habeas application, which the Texas Court of Criminal Appeals denied without written order on December 6, 2023. Dkt. No. 12-17. Arista's federal petition (filed August 8, 2024) raises three grounds for relief: (1) The State allegedly breached the plea agreement by imposing a no-contact condition during community supervision; (2) The probation revocation proceedings allegedly violated due process; and (3) Arista's guilty plea was involuntary because counsel gave improper legal advice. Dkt. No. 3 at 5-9.

For the reasons explained below, Arista has not demonstrated that the State's adjudication of his claims was contrary to or involved unreasonable application of established federal law, nor that it was based on an unreasonable determination of the facts, and the Court should deny federal habeas relief.

## Legal Standard

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which "state prisoners face strict procedural requirements and

- 2 -

a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted). Under the

AEDPA, a state prisoner may not obtain federal habeas relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This standard "restricts the power of federal courts to grant writs of habeas

corpus" and ensures that "state courts play the leading role in assessing challenges

to state sentences based on federal law." *Shinn v. Kayer*, 592 U.S. 111, 124 (2020). A

state court decision is "contrary" to clearly established federal law only if "it relies on

legal rules that directly conflict with prior holdings of the Supreme Court or if it

reaches a different conclusion than the Supreme Court on materially

indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also*

*Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and

time again, that the [AEDPA] prohibits the federal courts of appeals from relying on

their own precedent to conclude that a particular constitutional principle is 'clearly

established.'" (citation omitted)). A decision involves an "unreasonable application" of

federal law when the state court "identifies the correct governing principle" but

"unreasonably applies that principle to the facts." *Williams v. Taylor,* 529 U.S. 362,

412-13 (2000).

The question is not whether the state court was incorrect, but whether its decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Federal courts must "determine what arguments or theories supported ... or could have supported the state court's decision" and then ask whether fairminded jurists could disagree that those arguments are inconsistent with Supreme Court precedent. *Id.*

Under this highly deferential standard, a petitioner must do more than show the state court's factual or legal conclusions were incorrect, he must show that they were "objectively unreasonable." *Williams*, 529 U.S. at 409-10.

As the Supreme Court has explained, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). State court factual findings are "presumed to be correct" unless the petitioner can rebut this presumption by "clear and convincing evidence." *Id.* at 293.

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) ("As long as there is 'some indication of

the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

## Analysis

Arista's petition fails for multiple independent reasons. First, to the extent he challenges the validity of his guilty plea and the deferred-adjudication proceedings (Grounds One and Three), those claims are barred by the one-year statute of limitations. Although Ground Two concerns the later revocation of community supervision rather than the deferred adjudication judgment, none of the claims raised in the federal petition were fairly presented to the Texas Court of Criminal Appeals and are therefore unexhausted and procedurally defaulted.

### I.   Arista's Claims Challenging the Deferred-Adjudication Proceedings (Grounds One and Three) Are Time-Barred

AEDPA imposes a one-year statute of limitations on applications for federal habeas relief filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

In Texas, an order placing a defendant on deferred adjudication community supervision constitutes a final judgment for AEDPA limitations purposes. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005); *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010). Claims challenging the validity of the original plea or the deferred-adjudication order, such as Grounds One and Three, must be raised within

one year of that judgment becoming final. *Id.*

The state court placed Arista on deferred adjudication community supervision on February 11, 2022. Dkt. No. 12-1 at 22. Because Arista did not appeal, the deferred-adjudication judgment became final thirty days later when the time for filing a notice of appeal expired. *See* Tex. R. App. P. 26.2(a)(1). Thus, the AEDPA limitations period began on March 14, 2022, and, absent tolling, expired one year later on March 14, 2023.

### A. Statutory Tolling Does not Apply

Statutory tolling under AEDPA applies only while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas application is "pending" from the date it is filed through the date it is resolved. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). Critically, a state habeas application filed after the federal limitations period has already expired neither restarts nor revives the period and there is simply nothing left to toll. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

Arista did not file his state habeas application until September 7, 2023, at the earliest, nearly six months after his federal limitations period had already run. *See* Dkt. No. 12-15 at 48. When Arista filed his federal petition on August 2, 2024, he did so approximately seventeen months after the limitations period expired. His state habeas application therefore provided no tolling benefit, and Grounds One and Three, which challenge the validity of the plea and the conditions of the deferred-

- 6 -

adjudication order, are time-barred.

## B. Equitable Tolling Is Not Warranted

Arista has not demonstrated entitlement to equitable tolling.

Although AEDPA's limitations period is subject to equitable tolling, it is available only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). To qualify, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). A petitioner must pursue the habeas process with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Nothing in the record suggests either requirement is satisfied. There is no indication that the State actively misled Arista or that any external obstacle of an extraordinary nature prevented him from timely filing. Conditions common to incarceration, such as difficulty obtaining records, indigence, or transfers between units, do not rise to the level of extraordinary circumstances warranting equitable tolling. *Ford v. Stephens*, No. 4:13-CV-661-C, 2013 WL 5813013, at *3 (N.D. Tex. Oct. 29, 2013). Similarly, ignorance of the law and unfamiliarity with filing deadlines, even for a *pro se* petitioner, do not establish entitlement to equitable tolling. *Felder*, 204 F.3d 168 at 171-72.

Arista also cannot demonstrate diligence. He did not file his state habeas

application until September 2023 (after the federal period had already closed) and offers no explanation for the delay. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Because the petition was filed after the expiration of the limitations period and no basis exists for additional statutory or equitable tolling, Grounds One and Three are time-barred and should be dismissed with prejudice.

## II. Alternatively, Arista's Claims are Unexhausted and Procedurally Defaulted

Even if the petition were timely as to all three grounds, it would still fail because Arista did not properly exhaust any of his claims in state court.

A state prisoner may not obtain federal habeas relief unless he first exhausts available state remedies by fairly presenting his claims to the state's highest court. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Sheppard v. Duke*, No. 7:09-CV-131-O, 2011 WL 1196057, at *2 (N.D. Tex. Mar. 28, 2011) (citing *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993)). In Texas, the Court of Criminal Appeals (CCA) is the court of last resort. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

Where a petitioner advances in federal court a legal theory distinct from that presented below, or grounds his federal claim on materially different facts, the exhaustion requirement is not satisfied. *See Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (petitioner must present to the state courts not only the same facts but also the same legal theory upon which the federal claim is based).

Because Arista did not pursue a petition for discretionary review, his claims could only have been exhausted through his state habeas application. In that

application, Arista raised four grounds: (1) ineffective assistance of counsel (IAC) for failing to object when the trial court allegedly announced a finding of guilt rather than deferring adjudication, (2) ineffective assistance of appellate counsel for failure to pursue related IAC issues on appeal, (3) a procedural request that the state court designate IAC issues for further development, and (4) an involuntary plea claim based on the trial court's alleged failure to follow the plea agreement. *See* Dkt. No. 12-15 at 38-45.

Those state claims relied on different factual allegations and constitutional theories than those advanced in his current federal petition. Thus, the state court was never given the opportunity to consider the claims presented here, and the exhaustion requirement is not satisfied.

And because Arista has already litigated one state habeas application to final disposition, any attempt to return to state court to raise these new claims would be barred as an abuse of the writ under Tex. Code Crim. Proc. art. 11.07 § 4. The Fifth Circuit has repeatedly recognized that the CCA regularly and strictly enforces this rule. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Arista's federal claims are therefore procedurally defaulted.

Even so, a federal court may review a procedurally defaulted claim if the petitioner demonstrates cause for the default and actual prejudice or establishes that failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Smith v. Director*, TDCJ-CID, No. 3:20-CV-2947-G (BT), 2022 WL 18359120, at *2 (N.D. Tex. Oct. 28, 2022)

(neither a petitioner's "*pro se* status" nor his "lack of legal training and knowledge" constitutes cause to excuse default), *rec. adopted*, 2023 WL 289721 (N.D. Tex. Jan. 18, 2023).

As to each ground, Arista satisfies neither exception.

1.  Ground One

Arista's first federal ground asserts that the State breached the plea agreement when the trial court imposed a no-contact condition as part of his deferred-adjudication supervision. Dkt. No. 3 at 5. In state court, however, Arista's plea-breach theory rested on a different factual premise. He argued that the trial court breached the plea agreement by announcing a finding of guilt at the plea hearing rather than deferring adjudication. Dkt. No. 12-15 at 38. He never alleged that any condition of supervision violated the plea agreement or that the imposition of a no-contact condition constituted the breach. Because the federal claim rests on materially different facts and a different legal theory, it was never fairly presented. *See Sheppard*, 2011 WL 1196057, at *2.

Arista attributes his failure to exhaust this claim to ineffective assistance of appellate counsel. Dkt. No. 3 at 5. But the Fifth Court of Appeals held that Arista had waived his right to appeal the original deferred-adjudication order, and the court therefore lacked jurisdiction to consider challenges to that order in the subsequent revocation appeal. *Arista v. State*, 2023 WL 4072117, at *1. That jurisdictional bar means appellate counsel could not have raised a no-contact-condition claim on direct appeal regardless, so the attributed ineffectiveness cannot constitute cause.

Arista also does not establish any basis to excuse the procedural default. He does not explain why this claim was not raised in his state habeas application, where he pursued a different plea-breach claim based on other facts. His *pro se* status and unfamiliarity with the law do not constitute cause sufficient to excuse this default. *Smith*, 2022 WL 18359120, at *3. Nor does Arista demonstrate actual prejudice or show that failure to consider the claim would result in a fundamental miscarriage of justice.

Ground One is therefore procedurally barred.

2. Ground Two

Arista's Ground Two asserts that the revocation hearing was void as a violation of due process and fundamental fairness. Dkt. No. 3 at 7. He alleges that he never left the county jail after the deferred-adjudication order was entered, that his phone calls were monitored and revealed contact with the victim, that he was immediately served a revocation notice, and that his probation was revoked at the May 4, 2022, hearing without a separate punishment phase.

Arista concedes that he did not raise this claim in his state court proceeding. *Id.* The record confirms that representation. *See* Dkt. No. 12-15 at 38-45. None of Arista's state claims challenged the revocation proceedings, the service of the revocation notice, or the absence of a separate punishment hearing. Although Arista did raise ineffective assistance claims in state court, those claims concerned alleged errors during the plea proceedings. They did not involve the revocation hearing or punishment phase that Arista now challenges here. Because the federal claim rests

- 11 -

on a different set of facts and a different constitutional theory than those presented to the state court, it was not fairly presented and is therefore unexhausted. *Wilder*, 274 F.3d at 259.

Arista also fails to establish cause to excuse the default. He suggests that the default should be excused due to ineffective assistance during his collateral review. Dkt. No. 3 at 7. But there is no constitutional right to counsel in state post-conviction proceedings, any alleged deficiency in those proceedings cannot establish cause. *See Shinn v. Ramirez*, 596 U.S. 366, 386 (2022); *see also Coleman*, 501 U.S. at 752. Because Arista has not shown cause, the Court need not consider whether he can demonstrate prejudice. *See Coleman*, 501 U.S. at 750.

Ground Two is also procedurally barred.

3. <u>Ground Three</u>

Arista's third and final ground asserts that his guilty plea was involuntary because trial counsel allegedly misled him regarding the victim's intentions. Dkt. No. 3 at 8. Specifically, Arista claims counsel told him that the victim was not seeking prosecution, that he and the victim were on good terms, and that he would therefore have no difficulty successfully completing probation. *Id.*

Although Arista raised an involuntary plea claim in his state habeas application, that claim rested on a different factual theory. In state court, Arista argued that his plea was involuntary because the trial court failed to follow the plea agreement by announcing a finding of guilt at the plea hearing rather than deferring adjudication. *See* Dkt. No. 12-15 at 38-41, 44-45. He did not allege that counsel

- 12 -

misrepresented the victim's intentions or that such advice induced him to plead guilty.

Arista also raised an ineffective assistance claim against trial counsel in his state application, but that claim concerned counsel's failure to object to the trial court's announcement of guilt at the plea hearing. It did not involve any alleged pre-plea advice about the victim or the likelihood of successful supervision. The state courts were therefore never given the opportunity to consider whether counsel's alleged misrepresentation about the victim rendered the plea constitutionally involuntary, and the federal claim rests on facts the state never had before it.

For the same reasons discussed above, Arista does not establish cause and prejudice or a fundamental miscarriage of justice sufficient to overcome procedural default.

As a result, Ground Three is procedurally barred.

Because Arista has not shown cause and prejudice or a fundamental miscarriage of justice as to any claim, all three grounds are procedurally defaulted and barred from federal habeas review.

## Recommendation

The Court should deny the Petition for a Writ of Habeas Corpus by a Person in State Custody [Dkt. No. 3] with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED March 10, 2026.

 

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE